UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON SCOTT TYLER, #1098533, § | |
| § | |
| Plaintiff, § | |
| § | SA-23-CV-00279-XR |
| v. § | |
| § | |
| STATE OF TEXAS, ET AL., § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court in this 42 U.S.C. § 1983 civil rights matter is a post–judgment document filed by *pro se* Plaintiff Jason Scott Tyler, which the Court interprets as a motion to reopen or reinstate pursuant to Rule 60(b). (ECF No. 8); *see* FED. R. CIV. P. 60(b). In this document, Tyler appears to ask the Court to reopen or reinstate his § 1983 action, which was previously dismissed for want of prosecution based on Tyler's failure to file an address change notice. (ECF No. 8). Upon review, the Court orders Tyler's motion **DENIED**. (*Id.*).

**BACKGROUND**

In March 2023, while confined in the Bexar County Adult Detention Center ("BCADC"), Tyler filed this civil rights action using the standard § 1983 form. (ECF No. 1). The form used by Tyler advised it was his responsibility to inform the Court of any address change and its effective date. (*Id.*). It further warned that "failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures. (*Id.*). Additionally, when Tyler filed this action, the Court mailed to him a case opening letter, which was sent to him at the BCADC. (ECF No. 3). The Court's case opening letter advised Tyler that he was required to "keep the court informed of [his] current address throughout

the pendency of [his] case." (*Id.*). The letter warned that failure to keep the Court informed may result in the dismissal of the case for want of prosecution. (*Id.*). Moreover, when the Court granted Tyler's application to proceed *in forma pauperis* ("IFP"), the Order, which was also sent to Tyler at the BCADC, included the following paragraph:

> Tyler is advised that it is his responsibility to keep the Court informed of any change of address. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion or other relief. Failure to file a change of address notice may also result in the dismissal of Tyler's Complaint or any future amended complaint for failure to prosecute. *See* FED. R. CIV. P. 41(b).

(ECF No. 4). Bexar County court records show Tyler was released from the BCADC on April 16, 2023.[1] *See* Search Results (bexar.org) (last visited May 16, 2023). Despite his release and the Court's advisories and warnings, Tyler did not file an address change notice. Based on Tyler's failure to provide the Court with a current address, the Court rendered an Order of Dismissal and Final Judgment on May 16, 2023, dismissing the case for want of prosecution pursuant to Rule 41(b). (ECF Nos. 6, 7); *see* FED. R. CIV. P. 41(b).

Tyler has now filed what the Court construes as a Rule 60(b) motion to reopen or reinstate the dismissed matter. (ECF No. 8). The motion was dated January 25, 2025, and filed in this Court January 28, 2025. (*Id.*). In support of his motion, Tyler contends he has "been through multiple issues and had all information to the case taken by illicit means." (*Id.*).

## ANALYSIS

Rule 60(c)(1) states that a motion under Rule 60(b) challenging a court's judgment or order "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year

---

[1] Tyler is once again confined in the BCADC based on his December 17, 2024 arrest. *See* Jail Search (last visited Jan. 1, 2025). His return to confinement apparently prompted his renewed interest in his previously filed § 1983 suit.

2

after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Interpreting Tyler's motion as one filed pursuant to Rule 60(b), the Court finds it was not filed within a reasonable time.

This Court dismissed Tyler's § 1983 action because he failed to provide the Court with a change of address following his release from the BCADC Bee County Jail on April 16, 2023. (ECF Nos. 6, 7). Tyler's Rule 60(b) motion is dated January 25, 2025, and was filed January 28, 2025. (ECF No. 17). Using the January 25, 2025 date, Tyler's motion to reopen or reinstate was filed more than a year and a half, approximately twenty (20) months, after the Court's dismissal. *Compare* (ECF Nos. 6, 7) *with* (ECF No. 8). Tyler obviously knew of his release from jail on April 16, 2023, and knew based on the advisories and warnings in the Complaint, the case opening letter, and the Court's IFP Order—none of which were returned to this Court as undeliverable—that he was required to notify this Court of any address change or face dismissal. Nevertheless, he failed to file the required change of address notice and waited approximately twenty (20) months to seek to have this matter reinstated. (ECF No. 8).

"The timeliness of [a 60(b)] motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *In re Edwards*, 865 F.3d 197, 208 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017) (quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992)). "[F]or a Rule 60(b)(6) motion, 'reasonable time' is 'defined by the particular facts and circumstances of each case.'" *Associated Marine Equipment, LLC v. Jones*, 407 F. App'x 815, 816 (5th Cir. 2011). "Once a party has grounds to make a Rule 60(b) motion, however, they

must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *Id.* (quoting *First Republic Bank, Inc.*, 958 F. 2d at 121).

Tyler knew that when he was released from jail on April 16, 2023, he was required to file a change of address notice with this Court. However, he failed to file any notice, resulting in dismissal as previously warned. Then, once his Complaint was dismissed for want of prosecution in May 2023, he took no steps to reopen or reinstate the matter for more than a year and a half. Thus, in May 2023, Tyler knew he had grounds to make a Rule 60(b) motion and was required to bring such motion "reasonably promptly." *Associated Marine Equipment*, 407 F. App'x at 816. The Court finds Tyler did not act "reasonably promptly" with regard to this case. *See id.* Moreover, the Court finds his explanation for his failure to seek reinstatement of this matter within a reasonable time period—"been through multiple issues and had all information to the case taken by illicit means"—is insufficient.

The Court finds *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam) instructive. In that case, the Fifth Circuit found the district court did not err in concluding that the plaintiff's Rule 60(b) motion was untimely when it was based on a Supreme Court decision rendered *eight* (8) months earlier. Although Tyler knew of his release and the need for an address change notice, he took no action in this case until almost twenty (20) months after the case had been dismissed. *Compare* (ECF Nos. 6, 7) *with* (ECF No. 8). The Court finds this unreasonable given Tyler's knowledge and the various advisories and warnings by this Court.[2]

---

[2] Whether Tyler's motion is considered under Rule 60(b)(1) through (3) or (6) is of no moment. Although motions filed pursuant to subsection (1) through (3) must be filed within one year, they must still be filed within a reasonable time. This one–year period is an "outer limit"; stated differently, "[t]he one–year period [enunciated in Rule 60(c)] represents an extreme limit, and the motion will be rejected as untimely if not made within a 'reasonable time,' even though the one–year period has not expired." *Limon v. Double Eagle Marine, L.L.C.*, 771 F.Supp.2d 672, 677 (S.D. Tex. 2011) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). In fact, the Fifth Circuit often finds that a Rule 60(b) motion was not filed within a "reasonable time," even though it was filed within

4

**IT IS THEREFORE ORDERED** that Tyler's motion to reopen or reinstate pursuant to Rule 60(b) (ECF No. 8) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 2nd day of February, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

the one–year period prescribed by Rule 60(c). *See, e.g., Tamayo*, 740 F.3d at 991; *see also Limon v. Double Eagle Marine, L.L.C.*, 771 F.Supp.2d 672, 677–81 (S.D. Tex. 2011) (holding that four–month delay in bringing Rule 60(b) motion was unreasonable).